IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

HUNTER DOUGLAS, INC. and
ANDREW J. TOTI TESTAMENTARY TRUST,

    Plaintiffs,

v.

BUDGET BLINDS LLC

    Defendant.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Hunter Douglas, Inc. and Andrew J. Toti Testamentary Trust (collectively, the "Plaintiffs"), by and through their attorneys Kilpatrick, Townsend & Stockton LLP, file this Complaint for Patent Infringement against Defendant Budget Blinds, LLC, stating as follows:

## THE PARTIES

1. Hunter Douglas, Inc. ("Hunter Douglas") is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business at 1 Blue Hill Plaza, 20th Floor, Pearl River, New York 10965.

2. The Andrew J. Toti Testamentary Trust is a testamentary trust described and set forth in an order dated September 9, 2009, by the Superior Court of California, County of Stanislaus, Case No. 368364.

3. Upon information and belief, Defendant Budget Blinds, LLC ("Budget Blinds") is a corporation organized and existing under the laws of the State of California, and has its principal place of business at 1927 North Glassell Street, Orange, CA 92865.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 271 and 281.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Upon information and belief, Defendant Budget Blinds has solicited business in the State of Colorado, transacted business within the State of Colorado, and attempted to derive financial benefits from residents of the State of Colorado, including benefits directly related to the instant patent infringement cause of action set forth herein.

7. Upon information and belief, Defendant Budget Blinds sells infringing products throughout the United States in its at least 29 locations in Colorado.  See **Exhibit G.**

8. Upon information and belief, Defendant Budget Blinds has placed infringing products into the stream of commerce with the expectation that such products will be and have been used by consumers in this judicial district, including but not limited to, through operation of an interactive website that is available to persons in this judicial district, which advertises, markets, and otherwise promotes the sale of infringing products.

9. Upon information and belief, this Court has personal jurisdiction over Defendant Budget Blinds by virtue of, among other things, direct sales by Budget Blinds of the infringing products in this judicial district.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and § 1400 (b).

## FACTUAL BACKGROUND

11. Hunter Douglas manufactures a full array of custom window covering products, including roman shades, honeycomb or "cellular" shades, pleated shades, vertical blinds, miniblinds, wood blinds, shutters, and window shadings, and is known as an innovator in the custom window coverings industry.

12. U.S. Patent No. 6,283,192, entitled "Flat Spring Drive System and Window Cover" (the "'192 Patent"), was duly and legally issued by the U.S. Patent and Trademark Office on September 4, 2001.  A true and correct copy of the '192 Patent is attached hereto as **Exhibit A**.

13. The Andrew J. Toti Testamentary Trust is the lawful owner of all right, title, and interest in and to the '192 Patent.  Hunter Douglas is the exclusive licensee of the '192 Patent in the field of window covering products.

14. Upon information and belief, Budget Blinds makes, uses, has made, offers for sale, sells, and/or imports into the United States window coverings and cordless window blinds that infringe one or more claims of the '192 Patent, including but not limited to Norman Puresafe Cordless Honeycomb Cordless2  (the "Accused Products").  All of the Accused Products are window cover systems as claimed in the '192 Patent.

15. U.S. Patent No. 6,648,050, entitled "Spring Drive System and Window Cover" (the "'050 Patent"), was duly and legally issued by the U.S. Patent and Trademark Office on November 18, 2003.  A true and correct copy of the '050 Patent is attached hereto as **Exhibit B**.

16. The Andrew J. Toti Testamentary Trust is the lawful owner of all right, title, and interest in and to the '050 Patent.  Hunter Douglas is the exclusive licensee of the '050 Patent in the field of window covering products.

17. Upon information and belief, Budget Blinds makes, uses, has made, offers for sale, sells, and/or imports into the United States window coverings and cordless window blinds that infringe one or more claims of the '050 Patent, including but not limited to Norman Puresafe Cordless Honeycomb Cordless2  (the "Accused Products").  All of the Accused Products are window cover systems as claimed in the '050 Patent.

18. U.S. Patent No. 8,720,525, entitled "Methods for Operating Window Covers" (the "'525 Patent"), was duly and legally issued by the U.S. Patent and Trademark Office on May 13, 2014.  A true and correct copy of the '525 Patent is attached hereto as **Exhibit C**.

19. The Andrew J. Toti Testamentary Trust is the lawful owner of all right, title, and interest in and to the '525 Patent.  Hunter Douglas is the exclusive licensee of the '525 Patent in the field of window covering products.

20. Upon information and belief, Budget Blinds makes, uses, has made, offers for sale, sells, and/or imports into the United States window coverings and cordless window blinds that infringe one or more claims of the '525 Patent, including but not limited to

Norman Puresafe Cordless Honeycomb Cordless2 (the "Accused Products"). All of the Accused Products are window cover systems as claimed in the '525 Patent.

21. U.S. Patent No. 8,887,788, entitled "Methods for Operating Window Covers" (the "'788 Patent"), was duly and legally issued by the U.S. Patent and Trademark Office on November 18, 2014. A true and correct copy of the '788 Patent is attached hereto as **Exhibit D.**

22. The Andrew J. Toti Testamentary Trust is the lawful owner of all right, title, and interest in and to the '788 Patent. Hunter Douglas is the exclusive licensee of the '788 Patent in the field of window covering products.

23. Upon information and belief, Budget Blinds makes, uses, has made, offers for sale, sells, and/or imports into the United States window coverings and cordless window blinds that infringe one or more claims of the '788 Patent, including but not limited to Norman Puresafe Cordless Honeycomb Cordless2 (the "Accused Products"). All of the Accused Products are window cover systems as claimed in the '788 Patent.

24. U.S. Patent No. 9,328,554, entitled "Spring Drive Systems for Window Covers" (the "'554 Patent"), was duly and legally issued by the U.S. Patent and Trademark Office on May 3, 2016. A true and correct copy of the '554 Patent is attached hereto as **Exhibit E.**

25. The Andrew J. Toti Testamentary Trust is the lawful owner of all right, title, and interest in and to the '554 Patent. Hunter Douglas is the exclusive licensee of the '554 Patent in the field of window covering products.

26. Upon information and belief, Budget Blinds makes, uses, has made, offers for sale, sells, and/or imports into the United States window coverings and cordless window blinds that infringe one or more claims of the '554 Patent, including but not limited to Norman Puresafe Cordless Honeycomb Cordless2 (the "Accused Products"). All of the Accused Products are window cover systems as claimed in the '554 Patent.

27. U.S. Patent No. 9,359,814, entitled "Systems for Maintaining Window Covers" (the "'814 Patent"), was duly and legally issued by the U.S. Patent and Trademark Office on June 7, 2016. A true and correct copy of the '814 Patent is attached hereto as **Exhibit F.**

28. The Andrew J. Toti Testamentary Trust is the lawful owner of all right, title, and interest in and to the '814 Patent. Hunter Douglas is the exclusive licensee of the '814 Patent in the field of window covering products.

29. Upon information and belief, Budget Blinds makes, uses, has made, offers for sale, sells, and/or imports into the United States window coverings and cordless window blinds that infringe one or more claims of the '814 Patent, including but not limited to Norman Puresafe Cordless Honeycomb Cordless2 (the "Accused Products"). All of the Accused Products are window cover systems as claimed in the '814 Patent.

## COUNT I
### (Infringement of U.S. Patent No. 6,283,192)

30. Plaintiffs repeat and allege the preceding paragraphs as if fully set forth herein.

31. Budget Blinds, alone and in conjunction with others, has infringed, and continues to infringe, claims 31-36, 38-44 of the '192 Patent in violation of 35 U.S.C. § 271 by

making, using, selling, offering to sell, and/or importing into the United States the Accused Product(s), including, but not limited to Norman Puresafe Cordless Honeycomb Cordless2 and other similar shades.

32. Unless enjoined by the Court, Budget Blinds will continue to infringe the '192 Patent.

33. As a direct and proximate result of Budget Blinds' conduct, Plaintiffs have suffered, and will continue to suffer, irreparable harm for which they have no adequate remedy at law.

34. Unless this Court enjoins Budget Blinds' infringing conduct, Plaintiffs will continue to be irreparably harmed by Defendants' infringement of the '192 Patent.

## COUNT II

### (Infringement of U.S. Patent No. 6,648,050)

35. Plaintiffs repeat and allege the preceding paragraphs as if fully set forth herein.

36. Budget Blinds, alone and in conjunction with others, has infringed, and continues to infringe, claims 1-2, 5-6, 9-10, 13-14 of the '050 Patent in violation of 35 U.S.C. § 271 by making, using, selling, offering to sell, and/or importing into the United States the Accused Product(s), including, but not limited to Norman Puresafe Cordless Honeycomb Cordless2 and other similar shades.

37. Unless enjoined by the Court, Budget Blinds will continue to infringe the '050 Patent.

38. As a direct and proximate result of Budget Blinds' conduct, Plaintiffs have suffered, and will continue to suffer, irreparable harm for which they have no adequate remedy at law.

39. Unless this Court enjoins Budget Blinds' infringing conduct, Plaintiffs will continue to be irreparably harmed by Defendants' infringement of the '050 Patent.

## COUNT III

### (Infringement of U.S. Patent No. 8,720,525)

40. Plaintiffs repeat and allege the preceding paragraphs as if fully set forth herein.

41. Budget Blinds, alone and in conjunction with others, has infringed, and continues to infringe, claims 1-8, 10-18, 20-28 of the '525 Patent in violation of 35 U.S.C. § 271 by making, using, selling, offering to sell, and/or importing into the United States the Accused Product(s), including, but not limited to Norman Puresafe Cordless Honeycomb Cordless2 and other similar shades.

42. Unless enjoined by the Court, Budget Blinds will continue to infringe the '525 Patent.

43. As a direct and proximate result of Budget Blinds' conduct, Plaintiffs have suffered, and will continue to suffer, irreparable harm for which they have no adequate remedy at law.

44. Unless this Court enjoins Budget Blinds' infringing conduct, Plaintiffs will continue to be irreparably harmed by Defendants' infringement of the '525 Patent.

## COUNT IV

### (Infringement of U.S. Patent No. 8,887,788)

45. Plaintiffs repeat and allege the preceding paragraphs as if fully set forth herein.

46. Budget Blinds, alone and in conjunction with others, has infringed, and continues to infringe, claims 1-9 of the '788 Patent in violation of 35 U.S.C. § 271 by making, using, selling, offering to sell, and/or importing into the United States the Accused Product(s), including, but not limited to Norman Puresafe Cordless Honeycomb Cordless2 and other similar shades.

47. Unless enjoined by the Court, Budget Blinds will continue to infringe the '788 Patent.

48. As a direct and proximate result of Budget Blinds' conduct, Plaintiffs have suffered, and will continue to suffer, irreparable harm for which they have no adequate remedy at law.

49. Unless this Court enjoins Budget Blinds' infringing conduct, Plaintiffs will continue to be irreparably harmed by Defendants' infringement of the '788 Patent.

## COUNT V

### (Infringement of U.S. Patent No. 9,328,554)

50. Plaintiffs repeat and allege the preceding paragraphs as if fully set forth herein.

51. Budget Blinds, alone and in conjunction with others, has infringed, and continues to infringe, claims 1-11, 13-24 of the '554 Patent in violation of 35 U.S.C. § 271 by making, using, selling, offering to sell, and/or importing into the United States the

Accused Product(s), including, but not limited to Norman Puresafe Cordless Honeycomb Cordless2 and other similar shades.

52. Unless enjoined by the Court, Budget Blinds will continue to infringe the '554 Patent.

53. As a direct and proximate result of Budget Blinds' conduct, Plaintiffs have suffered, and will continue to suffer, irreparable harm for which they have no adequate remedy at law.

54. Unless this Court enjoins Budget Blinds' infringing conduct, Plaintiffs will continue to be irreparably harmed by Defendants' infringement of the '554 Patent.

## COUNT VI

### (Infringement of U.S. Patent No. 9,359,814)

55. Plaintiffs repeat and allege the preceding paragraphs as if fully set forth herein.

56. Budget Blinds, alone and in conjunction with others, has infringed, and continues to infringe, claims 1-2, 7-10 of the '814 Patent in violation of 35 U.S.C. § 271 by making, using, selling, offering to sell, and/or importing into the United States the Accused Product(s), including, but not limited to Norman Puresafe Cordless Honeycomb Cordless2 and other similar shades.

57. Budget Blinds, alone and in conjunction with others, has infringed, and continues to infringe, claims 1-2, 3-24 of the '814 Patent in violation of 35 U.S.C. § 271 by making, using, selling, offering to sell, and/or importing into the United States the Accused Product(s), including, but not limited to Norman 9/16" Single Cell Puresafe Cordless

Light Filtering Cellular Shade and Norman 3/4" Single Cell Light Filtering Cordless 2 and other similar shades.

58. Unless enjoined by the Court, Budget Blinds will continue to infringe the '814 Patent.

59. As a direct and proximate result of Budget Blinds' conduct, Plaintiffs have suffered, and will continue to suffer, irreparable harm for which they have no adequate remedy at law.

60. Unless this Court enjoins Budget Blinds' infringing conduct, Plaintiffs will continue to be irreparably harmed by Defendants' infringement of the '814 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

A.  For an injunction permanently restraining and enjoining Budget Blinds (and its officers, directors, employees, agents, servants, successors, assigns, and any and all persons in privy or in concert with them, directly or indirectly) from infringing any of the claims of the '192 Patent, the '050 Patent, the '525 Patent, the '788 Patent, the '554 Patent, and/or '814 Patent in any manner;

B.  For judgment that one or more claims of the '192 Patent, the '050 Patent, the '525 Patent, the '788 Patent, the '554 Patent, and/or '814 Patent has been infringed by Budget Blinds;

C.  For damages adequate to compensate Plaintiffs for Budget Blinds' infringement, and in no event less than a reasonable royalty, together with interest thereon;

D. For an assessment and award of interest, costs, and attorneys' fees against Budget Blinds; and

E. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated:  July 29, 2016

                        Respectfully submitted,

                        KILPATRICK TOWNSEND & STOCKTON LLP


By: *s/ Frederick L, Whitmer*
    Frederick L. Whitmer
    Matthew L. Holohan
    Miranda C. Rogers
    Kilpatrick, Townsend & Stockton LLP
    1400 Wewatta Street, Suite 600
    Denver, Colorado 80202
    Tel. (303) 571-4000
    Fax. (303) 571-4321
    fwhitmer@kilpatricktownsend.com
    mholohan@kilpatricktownsend.com
    mrogers@kilpatricktownsend.com

*Attorneys for Plaintiffs Hunter Douglas, Inc. and Andrew J. Toti Testamentary Trust*